SPENCER E. BENDELL, Cal. Bar No. 181220
E-mail: bendells@sec.gov
SOLOMON R. MANGOLINI, Cal. Bar No. 149811
E-mail: mangolinis@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHAEL ANTHONY GONZALEZ,<br><br>    Defendant. | Case No. CV 12-03319 SJO (PLAx)<br><br>**PRELIMINARY INJUNCTION AND ORDERS:**<br>**(1) FREEZING ASSETS;**<br>**(2) REQUIRING ACCOUNTINGS;**<br>**(3) PROHIBITING THE DESTRUCTION OF DOCUMENTS;**<br>**(4) GRANTING EXPEDITED DISCOVERY** |

Whereas this matter came to be heard upon the *Ex Parte* Application of Plaintiff Securities and Exchange Commission ("Commission") for a Temporary Restraining Order And Orders:  (1) Freezing Assets, (2) Requiring Accountings, (3) Prohibiting The Destruction Of Documents, (4) Granting Expedited Discovery; And Order To Show Cause Re Preliminary Injunction (the "Application").  On April 17, 2012, the court granted Commission's Application and ordered the defendant to show cause why a preliminary injunction should not be granted.

Whereas the parties entered into a Stipulation Regarding Preliminary Injunction And Orders:  (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting The Destruction Of Documents; (4) Granting Expedited Discovery;

Whereas this Court has jurisdiction over the parties to, and the subject matter of this action;

## I.

IT IS HEREBY ORDERED that Defendant, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

   A.   employing any device, scheme or artifice to defraud;
   B.   obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
   C.   engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a).

1

**II.**

IT IS FURTHER ORDERED that Defendant, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**III.**

IT IS FURTHER ORDERED that Defendant, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly making use of the mails or means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of securities, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

**IV.**

2

1 IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendant, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly:

A. transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of Defendant, whether owned by, controlled by, managed by or in his possession or custody;

B. transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or credit arrangement of Defendant.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendant, or any trust, partnership, joint venture, person or entity affiliated with any of them (including subsidiaries), including, but not limited to, the accounts set forth below:

| Company | Account Name | Account Number |
|---|---|---|
| Amalgamated Bank | Michael A. Gonzalez | 116004748 |

| Company | Account Name | Account Number |
|---|---|---|
| Banco Popular North America | Michael Gonzalez | Unknown |
| Bank of America, NA | Michael A. Gonzalez, sole proprietor dba Michael Gonzalez INV | 0328922652 |
| Citibank, NA | Michael A. Gonzalez | 40054726134 |
| East West Bank | Michael Gonzalez | Unknown |
| E*TRADE Securities LLC | Michael Gonzalez | 60645468 60559207 66632921 67097643 |
| First Commercial Bank USA | Michael Anthony Gonzalez | 006-001754 |
| JP Morgan Chase Bank, NA | Michael Gonzalez INV | 952433548 |
| JP Morgan Chase Bank, NA | Michael A. Gonzalez | 868433475 |
| JP Morgan Chase Bank, NA | Michael A. Gonzalez | 952432862 |
| One West Bank | M.G. Inv. | 2107074481 |
| TD Ameritrade | Michael A. Gonzalez SEP IRA | 756-035542 |
| | Michael Gonzalez | 778-577951 |
| | Michael A. Gonzalez | 785-675171 |
| Wells Fargo Bank, NA | Michael A. Gonzalez | 3904107673 |
| Wells Fargo Bank, NA | M. Gonzalez | 6045293443 |

4

| Company | Account Name | Account Number |
|---|---|---|
| Wescom Credit Union Internet Online Bank | Michael Gonzalez | 923664 |

## VI.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses, or controls assets exceeding $1,000.00 for the account or benefit of Defendant, shall within five (5) days of receiving actual notice of this Order provide to counsel for the Commission a written statement identifying all such assets, the value of the assets, or best approximation thereof, and any account number(s) or account name(s) in which the assets are held.

## VII.

IT IS FURTHER ORDERED that Defendant shall, within five days of the issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all of his assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number.  The accountings shall include a description of the source(s) of all such assets.  Such accountings shall be filed with the Court and copies shall be delivered to the attention of Spencer Bendell at the Commission's Los Angeles Regional Office, located at 5670 Wilshire Blvd., Los Angeles, CA 90036.  After completion of the accountings, Defendant shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying his accountings.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendant, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive

1  actual notice of this Order, by personal service or otherwise, and each of them, be
2  and hereby are preliminarily restrained and enjoined from, directly or indirectly:
3  destroying, mutilating, concealing, transferring, altering, or otherwise disposing of,
4  in any manner, any documents, which includes all books, records, computer
5  programs, computer files, computer printouts, contracts, correspondence,
6  memoranda, brochures, or any other documents of any kind in their possession,
7  custody or control, however created, produced, or stored (manually, mechanically,
8  electronically, or otherwise), pertaining in any manner to the allegations set forth
9  in the Complaint in this action.

## IX.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery is granted and that, immediately upon entry of this Order, the Commission may take discovery of parties and non-parties.

## X.

IT IS FURTHER ORDERED that the hearing previously set for May 25, 2012 at 9:00 a.m. is hereby vacated.

## XI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion to modify relief or for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

May 24, 2012

*S. James Otero*
_____
The Hon. S. James Otero
United States District Judge